UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PATRICIA WEBSTER BROWN ) | |
| ) | Case Number |
| **Plaintiff** ) | |
| ) | |
| vs. ) | CIVIL COMPLAINT |
| ) | |
| PORTFOLIO RECOVERY ) | |
| ASSOCIATES, LLC ) | JURY TRIAL DEMANDED |
| A WHOLLY-OWNED ) | |
| SUBSIDIARY OF PORTFOLIO ) | |
| RECOVERY ASSOCIATES, INC ) | |
| & ) | |
| GE MONEY BANK ) | |
| ) | |
| **Defendants** ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Patricia Webster Brown, by and through her undersigned counsel, Brent F. Vullings, Esquire, of Vullings Law Group, LLC, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.   Plaintiff, Patricia Webster Brown, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant, Portfolio Recovery, for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices and against Defendant, GE Money Bank, for Breach of Contract, as well as against both Defendants for violations of the Maryland Debt Collection Practices Act.

## II.  JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Defendant has an office located in this District.

## III.  PARTIES

4. Plaintiff, Patricia Webster Brown, is an adult natural person residing at 37130 Mowry Lane, Mechanicsville, MD 20659. At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Portfolio Recovery Associates, LLC (Defendant, Portfolio Recovery), at all times relevant hereto, is and was a limited liability company engaged in the business of collecting debt within the State of Maryland and the Commonwealth of Virginia with an office located at 1100 East Hector Street, Suite 250, West Conshohocken, PA 19428.

6. Defendant, GE Money Bank ("Defendant GE Money Bank"), at all times relevant hereto, is and was a company engaged in the business of providing financial services nationwide, as well as collecting and reporting on debt incurred by those services, including but not limited to, the State of Maryland and the State of Connecticut with a principal place of business located at 901 Main Avenue, Norwalk, Connecticut 06851.

7. Defendants are engaged in the collection of debts from consumers using the telephone and mail. Defendant, Portfolio Recovery, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV. **FACTUAL ALLEGATIONS**

8. In or around April, 2010, Plaintiff entered into a settlement arrangement with Defendant, GE Money Bank, for a debt that she allegedly owed them on an overdue account.

9. Plaintiff was said to have an original balance of approximately $1,000.00.

10. Plaintiff was offered the opportunity to settle the account for $684.00 by Defendant, GE Money Bank.

11. Defendant, GE Money Bank, did not issue Plaintiff a settlement letter but did confirm the settlement offer with their Confirmation #17780056.

12. Plaintiff agreed to three (3) monthly payments, with the first being due on or before April 8, 2010 in the amount of $342.00.

13. Plaintiff made initial payment as agreed.

14. Defendant, GE Money Bank, accepted and did not return this payment.

15. Plaintiff followed with the second and final payments of $171.00 each as agreed.

16. Defendant, GE Money Bank, accepted and did not return Plaintiff's May, 2010, payment.

17. Defendant, GE Money Bank, accepted and did not return Plaintiff's June, 2010, payment.

18. Plaintiff believed this account to now be settled in full and heard nothing further on this account for over a year.

19. However, on or about February 21, 2012, Plaintiff received a notice from Defendant, Portfolio Recovery, stating that they had purchased the above account on or about March 25, 2011.

20. Defendant, Portfolio Recovery, now stated that the Plaintiff currently owed a balance of $3,097.67.

21. Plaintiff insists that she received no contact from Defendant, Portfolio Recovery, for the year they claimed to have purchased her account.

22. In early March, 2012, Plaintiff spoke with Defendant, Portfolio Recovery, informing them that she had already settled this account with Defendant, GE Money Bank, over a year ago and that she did not know where this new balance was coming from.

23. Defendant, Portfolio Recovery, informed the Plaintiff at that time, that Defendant, GE Money Bank, had sold the account stating that the Plaintiff did not make her payments as she had agreed.

24. Defendant, GE Money Bank, accepted all payments.

25. Defendant, GE Money Bank, has never returned any payments to the Plaintiff.

26. Defendant, GE Money Bank, breached this settlement at no fault of the Plaintiff.

27. During this time, Plaintiff continued to receive multiple harassing calls each day from Defendant, Portfolio Recovery, to her personal cell phone.

28. Plaintiff states that at times she received upwards of ten (10) calls per day from Defendant, Portfolio Recovery.

29. Plaintiff continued to ask how the balance had become so high.

30. Defendant, Portfolio Recovery, informed the Plaintiff that she was now responsible for over a year's worth of fees and interest on this account.

31. Plaintiff requested something in writing validating this debt from Defendant, Portfolio Recovery.

32. Despite being told that she would receive something immediately, Plaintiff had never received validation on this account from Defendant, Portfolio Recovery.

33. Defendant, Portfolio Recovery, continued to call the Plaintiff daily demanding payment on this account.

34. Despite the previous settlement and satisfaction, the Plaintiff was threatened with a lawsuit and garnishment if she failed to pay off this debt.

35. Plaintiff was also assured that failure to pay would ruin her credit.

36. In May, 2012, Defendant, Portfolio Recovery, went forward and sued the Plaintiff for $2,943.79.

37. Plaintiff's hearing was scheduled to take place in June, in the District Court of Maryland for St. Mary County.

38. On or about May 21, 2012, in fear of the ramifications of a lawsuit and judgment, Plaintiff settled the above account again, this time with Defendant, Portfolio Recovery.

39. Defendant, Portfolio Recovery's, agent, "Ozlin", offered the Plaintiff the chance to settle the account for $2,121.70.

40.     Plaintiff agreed to an immediate initial payment of $500.00 to be taken automatically from her personal checking account, which would then be followed on the 21st of each month over the next three (3) months in the amount of $500.00.

41.     Plaintiff's fifth and final payment of $121.70 would be due on or before September 21, 2012.

42.     This settlement was confirmed by Defendant, Portfolio Recovery's agent, "Richard Murial", who also issued Confirmation #16095944.

43.     During that same phone call, Plaintiff was assured that Defendant, Portfolio Recovery, would send her a settlement letter in the mail to confirm this agreement.

44.     Plaintiff was also told that she no longer needed to attend her scheduled court hearing on June 4, 2012.

45.     Plaintiff personally contacted the court in St. Mary County, who also informed the Plaintiff that she should not have to attend a hearing if she was able to settle the account with Defendant, Portfolio Recovery.

46.     Throughout the month of May, 2012, Defendant, Portfolio Recovery, never issued a settlement letter to the Plaintiff.

47.     Despite entering in a settlement arrangement with Defendant, Portfolio Recovery and taking a payment on May 21, 2012, Portfolio Recovery still went forward with their case against the Plaintiff.

48.     On or about June 4, 2012, the District Court of Maryland entered a Judgment in favor of Defendant, Portfolio Recovery, against the Plaintiff, in the amount of $2,971.79.

49. Plaintiff tried daily to get in touch with Defendant, Portfolio Recovery, to get a copy of the settlement letter, as well as to inquire why they continued to get a judgment against her.

50. Defendant, Portfolio Recovery, would not return Plaintiff's calls.

51. On or about June 21, 2012, as previously arranged, Defendant, Portfolio Recovery, still withdrew Plaintiff's monthly payment of $500.00.

52. At about that same time, Plaintiff discovered that Defendant, Portfolio Recovery, had also gone forward and reported this account on Plaintiff's credit reports.

53. On or about July 19, 2012, Plaintiff contacted Defendant, Portfolio Recovery, to inform them that she had now retained an attorney and that she did not want them to take any further automatic payments from her checking account.

54. Plaintiff again informed Defendant, Portfolio Recovery, that they have never sent her the settlement letter that she was promised.

55. Despite informing Defendant, Portfolio Recovery, that she now had an attorney, agent, "Wendy Bartoli", continued to demand payment from the Plaintiff and immediately followed up with an e-mail to encourage the Plaintiff to allow further communication.

56. The Defendants acted in a false, deceptive, misleading and unfair when they engaged in conduct the natural consequence of which is to harass, oppress or abuse such person in connection with the collection of a debt.

57. As a direct consequence of Defendants acts, practices and conduct, Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, emotional distress, fear, frustration and embarrassment.

58. The Defendants conduct was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.

59. Defendant, Portfolio Recovery, knew or should have known that their actions violated the FDCPA. Additionally, the Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

60. At all times pertinent hereto, the Defendants were acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

61. At all times pertinent hereto, the conduct of the Defendants as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

62. As a result of Defendants conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

*Plaintiff v. Portfolio Recovery*

63. The above paragraphs are hereby incorporated herein by reference.

64. At all times relevant hereto, Defendant, Portfolio Recovery, was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

65. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly. |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |
| §§ 1692e(2): | Character, amount or legal status of the alleged debt |
| §§ 1692e(4): | Nonpayment of any debt will result in garnishment |
| §§ 1692e(5): | Threaten to take any action that cannot be legally taken or that is not intended to be taken |
| §§ 1692e(8): | Threaten or communicate false credit information |
| §§ 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| §§ 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| §§ 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, Portfolio Recovery Associates, LLC, for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

## VIOLATIONS OF THE MARYLAND DEBT COLLECTION PRACTICES ACT (MARYLAND MDCA) §14-202

*Plaintiff v. Portfolio Recovery and GE Money Bank*

66. The above paragraphs are hereby incorporated herein by reference.

67. At all times relevant hereto, Defendants were attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes.

68. The foregoing acts and omissions constitute violations of the Maryland CDCA, §14-202 Proscribed Conduct, including but not limited to, violations of:

§14-202(6)   Communicate with the debtor or a person related to him; with frequency, at unusual hours, or in any other means as reasonably can be expected to abuse or harass the debtor; or

§14-202(8)   Claim, attempt, or threaten to enforce a right with knowledge that the right does not exist;

69. A collector who violates any provision of this subtitle is liable for any damages proximity caused by the violation, including damages for emotional distress or mental anguish suffered with or without accompanying physical injury.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendants, for the following:

    a.    Actual damages;

    b.    Statutory damages

    c.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

    d.    Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT III -BREACH OF CONTRACT

*Plaintiff v. GE Money Bank*

70. The above paragraphs are hereby incorporated herein by reference.

71. The facts set forth herein establish that there was a contractual relationship between the parties, whereby the Defendant, GE Money Bank, promised to the Plaintiff the opportunity to participate in an agreed upon settlement. Plaintiff accepted the invitation that was offered and agreed to participate in the settlement.

72. Plaintiff fulfilled her contractual obligation by making payment timely.

73. Defendant, GE Money Bank, failed to abide by the contract terms.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, GE Money Bank, for the following:

    a.    Actual damages;

    b.    Reasonable attorney's fees and litigation expenses, plus costs of suit; and

  c. Such additional and further relief as may be appropriate or that the interests of justice require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

       **Respectfully submitted,**

       **VULLINGS LAW GROUP, LLC**

**Date: September 21, 2012**

       **BY:** **_/s/ Brent F. Vullings   bfv8435_**
       Brent F. Vullings, Esquire
       3953 Ridge Pike
       Suite 102
       Collegeville, PA 19426
       P: 610-489-6060
       F: 610-489-1997
       Attorney for Plaintiff
       bvullings@vullingslaw.com